UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **FILED** | |
| v. | JUN 1 0 2005 | CR NO. 05-322M (JMF) |
| **QUINTEN M. RANDOLPH,** | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT | |
| **Defendant.** | | |

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On May 7, 2005, defendant sold more than one half an ounce of crack cocaine to a confidential informant for $1,200. On May 24, 2005 he sold one ounce of crack cocaine to an undercover officer for $1,200.

2. On June 2, 2005 members of the Metropolitan Police Department made, in a recorded phone call, arrangements with defendant to meet with the same undercover agent. On June 3, 2005, at 2:57 pm, defendant met the undercover officer at the Burger King located on 3rd Street and Florida Ave. in Northeast D.C.

3. Upon his arrival, defendant entered the undercover agent's vehicle and exchanged more than 100 grams of crack cocaine for $1,800. The sale was both audio taped and video

taped. Upon completion of the sale, the undercover officer gave the signal to his fellow officers. The defendant was then arrested.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.    The weight of the evidence;

3.    The history and characteristics of the person, including

    a.    His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.    Past conduct, history relating to drug or alcohol abuse;

    c.    Criminal history;

    d.    Record concerning appearance at court proceedings;

    e.    Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.    The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant was charged with the sale of crack cocaine to an undercover agent in violation of the Controlled Substances Act.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is twenty-one years old and has lived in the D.C. area his entire life. His stepmother, grandmother, and sister live in the D.C. area as well. He just completed his junior year at Howard University and is employed

full time as a manager at All-Stars clothing store.

**The weight of the evidence.** The weight of the evidence is substantial. The phone call setting up the June 3, 2005 meeting between the defendant and the undercover agent was recorded and the undercover officer's vehicle was equipped with audio and video recording equipment that recorded the sale. The substance sold to the officer was positively identified as crack cocaine. There were also documented sales on May 7, 2005 and May 24, 2005.

**History relating to drug or alcohol abuse.** Defendant indicates substance use within the past 30 days.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** On November 18, 2003, defendant was convicted in D.C. for possession of cocaine. He received one year of supervised probation that ended unsatisfactorily on March 23, 2005. On December 19, 2004, he was charged with destruction of property in D.C. This charge is currently pending. At the time of the present offense, defendant was under the High Intensity Supervision Program as a condition of his pre-trial release in relation to the destruction of property charge. He was also on pre-trial release at the time of the May 7, 2005 and May 24, 2005 sales. According to the defendant's case manager, the defendant had not reported for drug testing, a condition of his pre-trial release, since April 20, 2005.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Because the sale of drugs by the defendant to the undercover officer was both audio and video taped, because defendant has established a pattern of selling crack cocaine,

4

and because the defendant offers nothing more than his employment and lifelong residency in the D.C. area, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

June 9, 2005